# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DIANE MARIE COTTER and JOHN ROBERT MACEY III, individually and on behalf of all other persons similarly situated,<br><br>            Plaintiffs,<br>     v.<br><br>VERIZON NEW ENGLAND INC.<br><br>            Defendant. | Case No. 4:11-cv-40027-DPW |

**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES & COSTS**

Plaintiffs Diane Marie Cotter and John Robert Macey, III, and Defendant Verizon New England Inc. have submitted their Settlement Agreement and Release ("Settlement") to settle this class action, subject to court approval. The Court (Saylor, J.) granted preliminary approval, authorizing notice to be sent to the members of the Settlement Class, on May 8, 2012.

In accordance with the terms of the Court's preliminary approval order, by Notices mailed on May 25, 2012, One Thousand Fourteen (1014) Settlement Class Members were given notice of the terms of the Settlement and an opportunity to object to or opt out of the Settlement. A total of 21 additional Settlement Class Members who had inadvertently not been sent the May 25, 2012 Notice received notice of the Settlement subsequently: eight were mailed notice on June 8, 2012; nine were mailed notice on July 20, 2012; and four were sent notice via Federal Express on August 1, 2012. In all, a total of 1035 Settlement Class Members have been provided with such notice.

No Settlement Class Member has objected to the Settlement, in whole or in part, and only one Settlement Class Member has opted out of the Settlement.

Having considered the proposed Settlement, the papers submitted by the parties in connection with preliminary approval and final approval of the Settlement, and the arguments of

counsel at the hearing on final approval, the Court hereby grants final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e) and enters judgment thereunder, and under Fed. R. Civ. P. 23(h) and 54(d) as follows:

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.      For the reasons set forth in the Preliminary  Approval  Order and in the transcript of the proceedings of the final approval hearing, which are  adopted and incorporated herein by reference, the  Court finds that the Settlement should be approved pursuant to Fed. R. Civ. P. 23(e).

2.      For purposes of settlement and final approval of the Settlement, the Court hereby makes final the earlier provisional certification of the Settlement Class defined as:  All current or former hourly employees of Verizon New England, Inc. ("Verizon New England") who between February 2, 2008 through May 8, 2012 were employed by Verizon New England as Service Representatives whose primary job duty was to handle incoming customer sales and/or billing calls, and who were employed at (1) Verizon New England Consumer Sales and Service Centers located at 20 Shattuck Road, Andover, MA, or 385 Myles Standish Blvd., Taunton, MA, or 220 Brooks Street, Worcester, MA, or 251 Locke Drive, Marlboro, MA, or 295 Worthington Street, Springfield, MA; or (2) Verizon New England Business Sales and Billing Centers located at 220 Brooks Street, Worcester, MA or 800 Chelmsford Street, Lowell, MA (the "Settlement Class").

3.      The Court finds that the Settlement Notice fully and accurately informed the Settlement Class of all material elements of the proposed Settlement and their opportunity to object to or opt out of the Settlement.  The Court recognizes that late notice was provided by U.S. Postal Service to six Settlement Class members on June 8, 2012 and nine Settlement Class Members on July 20, 2012, and by Federal Express to four additional Settlement Class members

on August 1, 2012, but the Court finds that the parties and the Settlement Administrator have provided sufficient notice to those individuals, in light of the fact that each such person initiated contact with the Settlement Administrator, Class Counsel has attempted to speak by telephone to each one of them who were sent notice on July 20 and August 1, and either spoken to them or left word that if any of them have any questions about the Settlement they should call class counsel for further information. The Court finds that the combination of the mailing of the original notice and the additional steps described above provided all Settlement Class Members with due and sufficient notice and an opportunity  to object to or opt-out of the Settlement.  None of the Settlement Class Members have voiced any concerns with the Settlement, including the notice procedures.   The Settlement Notice was the best notice practicable under the circumstances; was valid, due and sufficient notice to all such persons; and complied fully with the Federal Rules of Civil Procedure, due process and other applicable law.  A full opportunity has been provided to all such persons to participate in the Final Approval Hearing.

4.      The Court has reviewed the Settlement and finds that it is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to liability and damages and the difficulty and delays inherent in such litigation. The Court finds that extensive informal discovery, investigation and research have been conducted such that counsel for all parties are able reasonably to evaluate their respective positions. The Court finds that the Settlement has been reached after intensive, serious, and non-collusive arm's-length negotiations as evidenced by, among other things, a mediation with Brad Honoroff of The Mediation Group.

5.      Pursuant to her timely opt-out request, Wanda Spitoleri is excluded from this Settlement and is free, if she chooses to do so, to pursue any claims she may have against Defendant and is not bound by the terms of this Order or the Settlement.

6.      The Court hereby grants final approval to the Settlement and finds it fair, reasonable, and adequate, and in the best interests of the Settlement Class. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the terms of .the Settlement Agreement and Release and this Order.

7.      The Court finds that payment of additional incentive compensation to Plaintiff Diane Marie Cotter in the amount of $ _____ and to Plaintiff John Robert Macey, III, in the amount of $ _____ is fair and reasonable in light of the benefits they have provided to the Settlement Class, and Plaintiffs' Counsel. Payment of such amounts to the Plaintiffs out of the Settlement Fund is hereby ordered.

8.      The Court awards to Plaintiffs' Counsel attorneys' fees in the amount of $_____ constituting __% of the total Settlement Fund, plus reimbursement of  $____  in out of pocket expenditures that they have made in this case, such awards to compensate them for all past and future work and expenses done and made in the prosecution of this action.  Such awards are to be paid out of the Settlement Fund, are made in accordance with the terms of the Settlement and are fair and reasonable under the circumstances. In ordering this award of attorneys' fees and costs, the Court has considered the following factors: (a) the contingent nature of this action; (b) the experience, reputation, and ability of Plaintiffs' counsel and the skill they displayed in this litigation; (c) the amount of time expended by counsel; (d) the results achieved under the Settlement; and (e) the preclusion of other employment.

9.      The Court awards payment of $_____ from the Settlement Fund to the Settlement Administrator, Simpluris, Inc., for its work in administering the Settlement.

10.     The funds remaining in the Settlement Fund after payment of the amounts set forth in paragraphs 7, 8 and 9 of this Order shall be distributed to the Settlement Class in

accordance with the terms of the Settlement and this Order.  Pursuant to paragraph 35(m) of the Settlement Agreement, any surplus funds remaining in the Settlement Fund at the expiration of the 60-day period for cashing Class Members' settlement checks shall first be used to reimburse the Defendant for any payroll taxes it has paid to any federal, state or local taxing authority in connection with the Settlement. Any surplus funds remaining after such reimbursement shall be distributed as a *cy pres* award to the Employment Division of Greater Boston Legal Services.

11.     Within thirty (30) days after payment in full of all amounts awarded in this Order and Judgment, the Settlement Administrator shall provide to Plaintiff's Counsel a certification that it has complied fully with its obligations hereunder.  Plaintiffs' Counsel then shall forthwith file said certification with the Court.

12.     Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement to administer, supervise, construe, and enforce the Settlement in accordance with its terms and the orders of this Court for the mutual benefit of the Parties.  Having found that said Settlement is fair and reasonable, the Court, in the interest of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and thereby decrees that, upon entry, it be deemed a final judgment finally dismissing the Action subject to its terms.


Dated: _____, 2012


_____
The Honorable Douglas P. Woodlock
United States District Judge


BOI- 11820v15