# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Diane Marie Cotter and John Robert Macey
III, individually and on behalf of all other
persons similarly situated,

Case No. 4:11-cv-40027 (FDS)

**SETTLEMENT AGREEMENT AND
RELEASE**

             Plaintiffs,

   v.

**VERIZON NEW ENGLAND INC.**

          Defendant.

1.     This Settlement Agreement and Release is entered into by Plaintiffs Diane Marie Cotter and John Robert Macey III ("Representative Plaintiffs"), individually and on behalf of all members of the class as defined herein, and Defendant New England Inc. ("Verizon New England"), subject to the approval of the Court.

## I.    DEFINITIONS

2.     As used in this Settlement Agreement, the following terms shall have the following meanings:

       a.     "Claims Released" with respect to Representative Plaintiffs Cotter and Macey only, means any and all claims, demands, rights, liabilities, penalties, liquidated damages, causes of action and other legal responsibilities, of any form whatsoever, whether based upon federal, state, local, statutory or common law or any other law, rule or regulation, whether known or unknown, unforeseen, unanticipated, unsuspected, or latent, that (a) have accrued prior to the date of preliminary approval of this settlement, and (b) have been or could have been asserted by Representative Plaintiffs, or a successor or assign of Representative Plaintiffs, whether directly, indirectly, representatively, derivatively or in any other capacity, against any of the Released Parties. With respect to the Eligible Class Members, the term "Claims Released" means the "Settled Claims" defined in Section 2(r).

b.     "Class Action" means the civil action titled *Cotter and Macey, et al. v. Verizon New England Inc.* pending in the United States District Court for the District of Massachusetts (the "Court"), Case No. 4:11-cv-40027 (FDS).

c.     "Class Counsel" means the law firm Shapiro, Haber and Urmy LLP.

d.     "Class Notice" means the Notice of Proposed Class Action Settlement to be sent to the Eligible Class Members, pursuant to the terms of the Court's Preliminary Approval Order.  The Class Notice shall be substantially in the form attached as Exhibit A to this Settlement Agreement.

e.     "Class Period" means the period of February 2, 2008 to the date the Court grants preliminary approval to the Settlement Agreement.

f.     "Covered Call Center" means the Verizon New England Consumer Sales and Service Centers ("CSSCs") located at:  (a) 20 Shattuck Road, Andover, MA; (b) 385 Myles Standish Blvd., Taunton, MA; (c) 220 Brooks Street, Worcester, MA; (d) 251 Locke Drive, Marlboro, MA; (e) or 295 Worthington Street, Springfield, MA; and the Verizon New England Business Sales and Billing Centers("BSBCs") located at:  (i) 220 Brooks Street, Worcester, MA or (ii) 900 Chelmsford Street, Lowell, MA.

g.     "Defendant" means Verizon New England Inc. and its predecessors or subsidiaries (collectively, sometimes referred to as "Verizon New England").

h.     "Effective Date" means either (a) if no objections are timely filed, the date of entry of an Order Granting Final Class Action Settlement Approval by the Court; (b) if objections are filed but no appeal is filed, the expiration date of the time for filing notice of any appeal from the Order Granting Final Class Action Settlement Approval by the Court; or (c) if an appeal is filed, the latest of (i) the date of final affirmance of an appeal of that Order, (ii) the expiration of the time for a petition for writ of certiorari to review the Order if affirmed and, if the certiorari be granted, the date of final affirmance of the Order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Order or the final dismissal of any proceeding on certiorari to review the Order that has the effect of confirming the Order.

SETTLEMENT AGREEMENT
AND RELEASE

i.      "Eligible Class Member" means all individuals employed in Massachusetts by Verizon New England as a Service Representative whose primary job duty was to handle incoming customer sales and/or billing calls in a Covered Call Center during the Class Period.  Defendant shall provide to the Settlement Administrator within seven (7) business days after preliminary approval by the Court a list of all known Eligible Class Members as reflected in Verizon New England's personnel records, which shall determine both (i) whether a person is an Eligible Class Member and (ii) the time periods such individuals are/were Eligible Class Members.

j.      "Final Settlement Approval Hearing" means the hearing to be requested by the Parties and conducted by the Court, following appropriate notice to the Eligible Class Members and an opportunity for Eligible Class Members to participate in or exclude themselves from the Settlement Class and the proposed settlement, at which time the Parties will request the Court to approve the fairness, reasonableness and adequacy of the terms and conditions of the proposed settlement and this Settlement Agreement and to enter the Order Granting Final Class Action Settlement Approval.

k.      "Gross Common Fund Settlement Amount" means the common fund Verizon New England shall create for: (i) payment in exchange for the release of all Settled Claims and Claims Released, (ii) settlement administration costs owed to the Settlement Administrator, (iii) attorneys' fees awarded to Class Counsel by the Court, which shall not exceed thirty-three percent (33%) of the Gross Common Fund Settlement Amount; (iv) attorneys' expenses awarded to Class Counsel by the Court; and (v) the Service Awards payable to the Representative Plaintiffs.  The Gross Common Fund Settlement Amount shall be $887,500.00, and in no event shall the Gross Common Fund Settlement Amount exceed this amount for any reason.  The payment being made by Defendant is not being made for any purpose other than the resolution of this action, and shall not be construed as compensation for purposes of determining eligibility for any health and welfare benefit, any other employee benefit or for unemployment compensation.

l.      "Implementation Schedule" means the dates agreed upon by counsel for the Parties and approved by the Court for implementing the Settlement Agreement.  The Implementation Schedule proposed by the Parties shall be set forth in the Motion for Preliminary Approval.

CLI-1977042v3

SETTLEMENT AGREEMENT
AND RELEASE

m.     "Net Common Fund Settlement Amount" means the net amount available for payment to Class Members in exchange for the release of all Settled Claims and Claims Released. The Net Common Fund Settlement Amount shall be equal to the Gross Common Fund Settlement Amount less deductions for (i) settlement administration costs owed to the Settlement Administrator, (ii) payment of attorneys' fees awarded to Class Counsel by the Court, which shall not exceed thirty-three percent (33%) of the Gross Common Fund Settlement Amount; (iii) attorneys' expenses awarded to Class Counsel by the Court for Class Counsel's costs incurred in the prosecution of this action; and (iv) a total of $15,000 set aside for service payments ("Service Awards") to Representative Plaintiffs Diane Cotter and John Macey, each for their efforts in bringing and prosecuting this matter. Representative Plaintiff Cotter shall be entitled to a Service Award in the amount of $9,000; Representative Plaintiff Macey shall be entitled to a Service Award in the amount of $6,000.

n.     "Opt-Out Period" means the time period of 45 days commencing on the date when the Class Notices are initially mailed to the Eligible Class Members, during which the Eligible Class Members may request to opt out of this Settlement and be excluded from the Settlement for all purposes.

o.     "Parties" means the Representative Plaintiffs and Defendant Verizon New England.

p.     "Released Party" means (i) Verizon New England and all parent or affiliated entities of Verizon New England; (ii) all past or present subsidiaries, divisions, parents, predecessors, affiliates, successors or assigns of Defendant; and (iii) any past or present members, shareholders, officers, agents, employees, advisors, insurers, attorneys, or representatives of Defendant or of its parent or affiliated entities.

q.     "Representative Plaintiffs" means Diane Marie Cotter and John Robert Macey III.

r.     "Settled Claims," with respect to the Eligible Class Members (excluding Representative Plaintiffs), means any and all claims asserted in the Complaint in *Cotter and Macey, et al. v. Verizon New England Inc,* United States District Court, District of Massachusetts, Case No. 4:11-cv-40027, as well as all claims that could be asserted based on the facts alleged in the Complaint, against the Released Parties or any of them, by or on behalf of one or more Eligible Class Members or successors or assigns of any

SETTLEMENT AGREEMENT
AND RELEASE

of them (whether directly, indirectly, representatively, derivatively or in any other capacity), accruing any time prior to the entry of the Preliminary Approval Order. "Settled Claims," with respect to the Representative Plaintiffs, means the claims set forth in the preceding sentence, as well as the "Claims Released" described in Section 2(a).

        s.      "Settlement Administrator" means the firm Simpluris, Inc., of Costa Mesa, California.

        t.      "Settlement Agreement" means this Agreement and all Exhibits attached to it.

        u.      "Settlement Award" means the gross payment that each Settlement Class Member shall be entitled to receive pursuant to the terms of the Settlement Agreement, based on their proportional shares of the total number of weeks worked by Eligible Class Members, provided that such Class Member (i) does not submit a timely and valid request to opt-out of the Settlement and (ii) signs and timely presents his or her Settlement Check for payment.

        v.      "Settlement Check" means the negotiable instrument provided to Settlement Class Members who do not timely opt-out of the Settlement, containing their Settlement Award and an express release of all claims that were, or could have been, raised in the Litigation, including but not limited to claims under the Fair Labor Standards Act and state law. A Settlement Check must be signed by the Settlement Class Member under penalty of perjury and timely presented to a financial institution for payment in order to obtain a Settlement Award under this Settlement Agreement. The release language to be included on all Settlement Checks is set forth in Exhibit B attached to this Settlement Agreement.

        w.      "Settlement Class" and "Settlement Class Member" means the Representative Plaintiffs and all Eligible Class Members who do not submit a timely and valid request to opt out of the Settlement.

## II.    RECITALS

    3.    Representative Plaintiffs Cotter and Macey filed this action in the United States District Court for the District of Massachusetts on February 2, 2011.

    4.    Defendant Verizon New England answered the Complaint on April 4, 2011, after receiving an extension of time to serve its Answer.

SETTLEMENT AGREEMENT
AND RELEASE

5.    After Verizon New England filed its Answer, the Parties agreed to stay all discovery and further litigation and prepared to attempt resolution of the case through mediation.

6.    The parties participated in a mediation of the matter in Brookline, Massachusetts on January 6, 2012 before Brad Honoroff, Esq., of The Mediation Group.  At the conclusion of the mediation session, the parties reached an agreement in principle to settle the matter, which was documented in a written Memorandum of Understanding ("MOU") signed by all counsel and by the parties. The execution of this Settlement Agreement supersedes and discharges any and all obligations under the MOU.

7.    The Complaint alleged that Verizon New England violated the federal Fair Labor Standards Act and Massachusetts law by failing to properly compensate its customer service representatives who handle incoming customer sales and/or billing calls for alleged hours worked during each work day.  Representative Plaintiffs' Complaint states the following claims, based on allegations that they and a class of other Massachusetts call center employees who provide telephonic customer service relating to billing and sales issues were not properly paid for all of their work hours, including but not limited to logging into and out of their computers as well as other preparatory activities at the start of their day and conclusory activities at the end of their day:

- Failure to Pay Straight Time Wages in violation of the Massachusetts Wage Payment and Collection Act.

- Failure to Pay Overtime Compensation in Violation of the Massachusetts Minimum Wage and Overtime Act.

- Failure to Pay Overtime Compensation under the Fair Labor Standards Act ("FLSA").

8.    In its Answer, Verizon New England denied all violations, asserted a variety of affirmative defenses including preemption, and denied any liability to Ms. Cotter, Mr. Macey, or the class.

9.    Prior to the mediation, Class Counsel and Counsel for Defendant exchanged thousands of pages of documentation, including (a) time, attendance, and payroll records; (b) the applicable

CLI-1977042v3

SETTLEMENT AGREEMENT
AND RELEASE

collective bargaining agreements; (c) computer log on records, and (d) relevant corporate training materials and policies. Prior to the mediation on January 6, 2012, the parties discussed the aforementioned documentation and had additional discussions regarding issues pertaining to a possible settlement. In addition, the parties each prepared their own detailed analysis comparing the time of the first recorded computer log of the day against employees' recorded start times, using the records of a sampling of the Eligible Class Members in a selection of Covered Call Centers, all of whom were covered by Representative Plaintiffs' proposed class. Class Counsel analyzed all of the data provided to them by counsel for Verizon New England, and the sampling data was extremely effective in enabling the parties to reach an agreement at the mediation.

10.     Based upon Class Counsel's review of the information and data exchanged, their investigation, legal evaluation, and taking into account the sharply contested legal and factual issues involved, an assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Settlement Class pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with Defendant on the terms set forth in this Settlement Agreement is fair, reasonable, adequate and in the best interests of the Representative Plaintiffs and the Settlement Class.

11.     Defendant Verizon New England has asserted numerous defenses to the claims alleged in the Class Action, expressly denies each of the claims asserted against it and further denies any and all liability arising out of the conduct alleged in the Class Action. Defendant contends, specifically, that it has complied at all times with the Fair Labor Standards Act, the Massachusetts Minimum Wage and Overtime Law, and the Massachusetts Wage Payment and Collection Act, as well as all applicable regulations; that no unpaid work was performed; and that it paid the Representative Plaintiffs and Eligible Class Members all wages and other payments due and owing to them under applicable law. Defendant nevertheless desires to settle the Class Action because Defendant has concluded that further defense of the Class Action would be protracted and expensive. Substantial amounts of time, energy and resources of Defendant and its personnel and attorneys have been expended, and, unless this settlement is made, further defense of the Class Action would require Defendant to continue to devote substantial amounts of time, energy, and resources to the defense of the claims asserted. Defendant has, therefore, agreed to settle in the manner and upon the

SETTLEMENT AGREEMENT
AND RELEASE

terms set forth in this Settlement Agreement in order to put to rest the claims as set forth in the Class Action. The Parties specifically agree that the agreement of the Defendant to settle this matter is not and cannot be construed as an admission of any wrongdoing whatsoever by the Defendant against the Representative Plaintiffs and/or Eligible Class Members.

12.    For purposes of settling this lawsuit, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Eligible Class Members as defined above have been and are met. The parties agree that evidence of this limited stipulation for settlement purposes only will not be deemed admissible for any purpose in this, or any other, proceeding.

13.    NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned, that the Class Action shall be settled, subject to the approval of the Court, pursuant to the following terms and conditions:

### III.    THE CLASS AND COLLECTIVE ACTION DEFINITIONS

14.    Class Definition. For settlement purposes only, the Parties agree that the following class may be certified in the Class Action, pursuant to Federal Rule of Civil Procedure 23, defined as:

> All current or former hourly employees of Verizon New England, Inc. ("Verizon New England") who between February 2, 2008 through _____ [*the date the Court grants Preliminary Approval of this Settlement*] were employed by Verizon New England as Service Representatives whose primary job duty was to handle incoming customer sales and/or billing calls, and who were employed at (1) Verizon New England Consumer Sales and Service Centers located at 20 Shattuck Road, Andover, MA, or 385 Myles Standish Blvd., Taunton, MA, or 220 Brooks Street, Worcester, MA, or 251 Locke Drive, Marlboro, MA, or 295 Worthington Street, Springfield, MA; or (2) Verizon New England Business Sales and Billing Centers located at 220 Brooks Street, Worcester, MA or 800 Chelmsford Street, Lowell, MA.

Persons who were class members for only a portion of the Class Period will be entitled to an award only for the period in which they meet the criteria for membership in the Settlement Class.

15.    For purposes of this Settlement only, this case may be certified as a class action pursuant to Fed. R. Civ. P. 23 and Representative Plaintiffs Cotter and Macey may be named Class Representatives.

16.   <u>Null and Void Absent Court Approval</u>.  If this Settlement Agreement and the settlement terms it memorializes are not finally approved by the Court, the agreements for class certification contained herein shall become null and void, and any Court Order certifying such classes shall be vacated without prejudice to the right of the Parties to seek or oppose certification.

## IV.   RELEASES

17.   <u>Release by Representative Plaintiffs and Settlement Class Members</u>.  It is hereby agreed, by and between the Representative Plaintiffs, Settlement Class Members and Defendant Verizon New England, through their respective counsel of record, and subject to the approval of the Court, in consideration of the payments and other benefits inuring to the Parties under this Settlement Agreement, and without admission of any liability or wrongdoing whatsoever by Defendant, that upon entry of the Order and Final Judgment:

a.   Representative Plaintiffs Cotter and Macey shall be deemed to have released and discharged the Released Parties from any and all Claims Released, whether known or unknown. Representative Plaintiffs expressly acknowledge that this Settlement Agreement is intended to include in its effect, without limitation, claims and causes of action which they do not know of or suspect to exist in their favor at the time of execution hereof and that this agreement contemplates the extinguishment of all such claims and causes of action.

b.   Each Settlement Class Member shall be bound by all terms of the Settlement Agreement and Order Finally Approving Settlement Agreement and Final Judgment and shall be deemed to have jointly and severally discharged the Released Parties from any and all Settled Claims unless he or she timely opts out of the Settlement Agreement. The Settlement Checks sent by the Settlement Administrator to all Settlement Class Members shall also contain a provision releasing the Released Parties from any and all claims asserted in the Class Action, including all claims that could be asserted based on facts alleged in the Complaint.  With respect to the Settled Claims as defined in Section 2(r), Settlement Class Members expressly acknowledge that this Settlement Agreement is intended to include in its effect, without limitation, Settled Claims as defined in Section 2(r), which they do not know of or suspect to exist in their favor at the time of execution hereof and that this agreement contemplates the extinguishment of all such claims.

SETTLEMENT AGREEMENT
AND RELEASE

c.      Each Eligible Class Member who does not opt out of the settlement pursuant to procedures established by Order of the Court shall be deemed to have "opted in" to the settlement and shall thereby release any and all Settled Claims he or she may have under federal or Massachusetts law.

## V.      CLASS NOTICE, CLAIMS PROCESS AND FINAL SETTLEMENT APPROVAL HEARING

18.      <u>Procedures</u>.  As part of this Settlement Agreement, the Parties agree to the following procedures for requesting the Court's preliminary approval of the Settlement Agreement, certifying a class comprised of all Eligible Class Members for purposes of settlement, notifying the Eligible Certified Class Members, requesting final Court approval of the Settlement Agreement, and processing the Settlement Awards:

19.      <u>Preliminary Approval of Settlement and Provisional Certification of a Settlement Class</u>. Within forty-five (45) days of the execution of this Settlement Agreement, Class Counsel will draft a Motion for Preliminary Approval of Settlement and Provisional Certification of a Class to be filed with the Court. The Parties shall appear for a hearing if the Court so orders.

20.      <u>Confidential Submission of Settlement Agreement</u>.  Consistent with the timing of the filing of the Motion for Preliminary Approval, the Parties shall file a joint motion to request that this Settlement Agreement, the Motion for Preliminary Approval of Settlement and Provisions Certification of a Class, as well as any and all proposed forms of notice and other documents relating to the Settlement be filed under seal and treated as confidential (or, alternatively, for an *in camera* review of the Settlement). The motion will state that it is being filed at the request of Defendant as a condition of the Settlement.

21.      <u>Request for Preliminary Approval Order</u>.  Solely for purposes of this Settlement Agreement, Class Counsel will request the Court to enter a Preliminary Approval Order substantially in the form attached hereto as Exhibit C, preliminarily approving the proposed settlement, certifying a class for settlement purposes only, and setting a date for the Final Settlement Approval Hearing. The Preliminary Approval Order shall provide for notice of the Settlement Agreement and related matters to be sent to the Eligible Class Members as specified herein or as otherwise ordered by the Court.

SETTLEMENT AGREEMENT
AND RELEASE

22.   <u>Class Notice</u>. Notice of the settlement shall be provided to the Eligible Class Members. Subject to the Court's review, the Parties believe and agree that the proposed procedures for notice provide the best practicable notice to the Certified Class:

a.      The Settlement Administrator shall be responsible for preparing, printing and mailing to all Eligible Class Members the Class Notice attached to this Settlement Agreement as directed by the Court. The Class Notice shall contain an estimate of the amount of the Eligible Class Member's share of the Settlement, should they participate.

b.      No later than the date specified in the Implementation Schedule, Defendant shall provide to the Settlement Administrator the names, last-known addresses, telephone numbers, and social security numbers of the Eligible Class Members.

c.      In order to provide the best notice practicable, the Settlement Administrator will seek to confirm or update the Eligible Class Members' contact information before mailing the Class Notice and Claim Form by (1) processing the class list through the United States Postal Service's National Change of Address ("NCOA") database; and (2) performing address searches using Accurint.

d.      No later than the date specified in the Implementation Schedule, the Settlement Administrator shall send a copy of the Class Notice substantially in the form attached hereto as Exhibit A to all Eligible Class Members via first-class mail, postage prepaid, using the most current mailing address information available as set forth above.

e.      Any Class Notice returned to the Settlement Administrator as non-delivered before the deadline set forth in the Implementation Schedule for Eligible Class Members shall be sent to the forwarding address affixed thereto. If no forwarding address is provided for a Class Notice that is returned as non-delivered, then such Class Notices will be re-sent by the Settlement Administrator after the address is again updated using the procedures described in Section 22(c). Such undelivered Class Notices will be re-sent within seven (7) days after the Settlement Administrator receives notice that the initial Class Notice was undeliverable. The Settlement Administrator shall also call last-known telephone numbers (and telephone numbers updated through public and proprietary databases) of Eligible Class Members whose Class Notice is returned as non- delivered to obtain their current addresses. For a period not to exceed 45 days from the date

SETTLEMENT AGREEMENT
AND RELEASE

specified in the Implementation Schedule for the initial mailing of the Class Notice, the Settlement Administrator will continue to use reasonable efforts to obtain current addresses for Eligible Class Members whose Class Notice is returned as non-deliverable.  Any opt-out forms received within that 45 day time period shall be deemed timely.  The Settlement Administrator shall keep and maintain a log listing all efforts it has made to give notice of the settlement to any Eligible Class Member whose initial notice was returned.

        f.      The time period within which any Eligible Class Member whose original notices are re-mailed pursuant to Section 22(e) may opt-out of or object to the Settlement shall not be extended because their original notices are required to be re-mailed.

        g.      No Eligible Class Member shall have the right to obtain any payment through this Settlement Agreement if he or she submits a timely and valid request to opt-out of this Settlement.  Further, No Settlement Class Member shall have the right to obtain any payment through this Settlement Agreement unless he or she signs, under penalty of perjury, the back of his or her Settlement Check (containing an express release of all claims that were, or could have been raised in the Complaint) sent to them by the Settlement Administrator pursuant to the other provisions of this Agreement.  A Settlement Class Member shall have 60 days from the date that the check is mailed to cash said Settlement Check.  A reminder notice will be sent to all Settlement Class Members who have not yet cashed their Settlement Checks 30 days after Settlement Checks are first mailed.  However, the Settlement Administrator, upon agreement by all counsel, may determine that there is good cause to extend the date for presenting a signed Settlement Check for payment, or the Court may find good cause to extend the date for presenting a signed Settlement Check for payment.

    23.    <u>Requests for Exclusion</u>.  The Class Notice shall provide that Eligible Class Members who wish to exclude themselves from the settlement must submit a written statement to the Settlement Administrator requesting exclusion from the settlement ("opt-out"), postmarked within 45 days of the original mailing of the Class Notice by the Settlement Administrator.  Such written request for exclusion must contain the name, address and telephone number of the person requesting exclusion and the years of his or her employment by Defendant.  The opt-out request must be personally signed by the Eligible Class Member who seeks to opt out.  No opt-out request may be made on behalf of a group of Eligible Class Members.  The opt-out request must be sent by First Class U.S. mail to the Settlement Administrator and

SETTLEMENT AGREEMENT
AND RELEASE

must be timely postmarked as set forth above, except that the Settlement Administrator may, upon the approval of counsel for all Parties and good cause shown, extend the due date for mailing the opt-out request. The postmark date of the mailing envelope shall be the exclusive means used to determine whether a request for exclusion (opt-out) has been timely submitted. Any Eligible Class Member who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment thereon.

24.    Objections. The Class Notice shall provide that any Eligible Class Member who wishes to object to the settlement must mail a written statement of objection to the Court, the Settlement Administrator, and to counsel for the Parties. The written statement of objection must be postmarked within 45 days of the original mailing of the Class Notice by the Settlement Administrator. The postmark date of the mailing to the Settlement Administrator shall be the exclusive means for determining whether a Notice of Objection is timely. The Notice of Objection must state the basis for the objection, whether the objector will appear at the Final Settlement Approval Hearing, and whether the objector will be represented by counsel. Eligible Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

25.    Rights of Termination Due to Opt Out Percentage. In the event that more than ten percent (10%) of the Eligible Class Members opt-out of the settlement pursuant to the procedure outlined in Section 22, Verizon New England shall have the right to void the Settlement Agreement.

26.    No Encouragement of Objections or Appeals. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Eligible Class Members to opt-out of or submit written objections to the settlement or to appeal from the Order and Final Judgment.

27.    Determination of Settlement Award Eligibility.

a.    All Eligible Class Members who do not submit a valid and timely opt-out request will be deemed part of the Settlement Class and will be eligible to receive a Settlement Check.

b.    After the Settlement receives Final Approval and is no longer subject to appeal, the Settlement Administrator shall send out Settlement Checks. If no objection to the settlement is made,

Settlement Checks will be distributed within fifteen (15) days of the final approval order.  If an objection to the settlement is made, but no appeal is filed, then Settlement Checks shall be mailed by the Settlement Administrator within sixty (60) days of the final approval order.  If an appeal is filed, Settlement Checks shall be mailed within sixty (60) days from the date the judgment approving the settlement is final and no longer subject to appeal.

          c.       Each Settlement Check shall contain an express waiver of claims that were or could have been raised in the Litigation, including but not limited to claims under the FLSA.  Settlement Class Members shall have a period of 60 days from the date the Settlement Check is mailed to sign the back of the check, without any modifications, and present it to a financial institution for payment.  A reminder notice will be sent to all Settlement Class Members who have not presented their Settlement Checks for payment after 30 days from the date the Settlement Checks are first mailed.  Settlement Checks not submitted by Settlement Class Members for payment prior to the cut-off date set forth in the Implementation Schedule shall be deemed null and void and shall not be paid by the Settlement Administrator.  In any such case, the Settlement Administrator shall advise Class Counsel and Defendants' counsel.  Counsel for the Parties shall meet and confer regarding the validity of those Settlement Checks, and those Settlement Checks shall be deemed valid if counsel for the Parties so agree.  Any Settlement Class Member who does not timely sign his or her Settlement Check and present it for payment without modification shall not be entitled to receive a Settlement Award.

       28.     <u>Interim Report by the Settlement Administrator</u>.  No later than seven (7) days prior to the date of the Final Settlement Approval Hearing, the Settlement Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Class Notice; (b) the total number of Eligible Class Members who were sent the Class Notice; and (c) the total number of Eligible Class Members who filed timely requests for exclusion or objections to the settlement, along with complete copies of all requests for exclusion and objections received, including the postmark dates for each request for exclusion or objection.  At least every seven (7) days following the initial mailing of the Class Notices, the Settlement Administrator shall provide counsel with updates as to notices mailed or returned, and objections or opt-outs filed with it.

SETTLEMENT AGREEMENT
AND RELEASE

29.     Final Settlement Approval Hearing.  At the Preliminary Approval Hearing, the Court shall schedule a Final Settlement Approval Hearing to be held for the purpose of considering whether to grant final approval of the settlement,  including the amounts properly payable for (i) attorneys' fees and costs; (ii) the Service Awards to Representative Plaintiffs for their time and effort in bringing and prosecuting this matter, (iii) the costs of administration of the settlement, and (iv) any amount withheld from the settlement amount for the payment of late claims or unanticipated expenses.  Upon final approval of the settlement by the Court at or after the Final Settlement Approval Hearing, the Parties shall present to the Court an Order Granting Final Class Action Settlement Approval and Dismissing the Class Action with Prejudice for its approval and entry.  After final approval, and after dismissal of the entire action with prejudice, the Court shall have continuing jurisdiction for purposes of addressing (i) settlement administration matters; and (ii) such post-Final Order matters as may be appropriate under Court Rules or as set forth in this Settlement Agreement.

30.     Implementation Schedule.  The Representative Plaintiffs and Defendants agree that the Implementation Schedule shall govern implementation of the Settlement Agreement, and that the dates set forth in the Implementation Schedule shall only be continued based on (1) the mutual consent of counsel for the Parties, (2) delays due to the Court's schedule, or (3) by Order of the Court.

## VI.     SETTLEMENT FUNDS AND SETTLEMENT AWARD CALCULATION

31.     Gross Common Fund Settlement Amount.

a.     Deposit.  Within forty-five (45) business days after the Court enters an Order Granting Final Approval to this Settlement, and subject to the conditions specified in this Settlement Agreement, Defendant shall deliver to the Settlement Administrator the Gross Common Fund Settlement Amount of eight hundred eighty-seven thousand, five hundred dollars ($887,500).  Upon receipt by the Settlement Administrator, the Gross Settlement Amount shall be transferred immediately into a Qualified Settlement Fund pursuant to Internal Revenue Code Section 1.468B-1. Also within forty-five (45) business days of the Court entering an Order Granting Final Approval to this Settlement, Defendant shall cooperate with the Settlement Administrator to execute any documents reasonably necessary to effect the terms of this

Settlement Agreement. No party shall have any further obligation or liability for any payment under this Agreement to Representative Plaintiffs or to the Eligible Class Members.

b.    Disbursement by Settlement Administrator. All disbursements shall be made from the Qualified Settlement Fund account. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund Account. In the event of failure or revocation of settlement, or in the event that this Settlement Agreement: (i) does not receive final approval of the Court; (ii) is modified or reversed on appeal; or (iii) is otherwise rendered null and void, the Settlement Administrator shall have the obligation to return the entire Qualified Settlement Fund (including all income and/or interest generated by the Qualified Settlement Fund) to Defendant at Defendant's election, less any amount for payment for work done by the Settlement Administrator. Disbursements from the Qualified Settlement Fund shall be made in the following manner or as may otherwise be ordered by the Court:

(i) If no objection to the settlement is made, (a) payment to all Settlement Class Members in exchange for the release of all Settled Claims and Claims Released, (b) settlement administration costs owed to the Settlement Administrator, (c) attorneys' fees of Class Counsel, which shall not exceed $292,875 (which is thirty-three percent (33%) of the Gross Common Fund Settlement Amount); (d) out of pocket expenses of Class Counsel; and (e) the Service Awards payable to the Representative Plaintiffs in the amount of $9,000 for Representative Plaintiff Cotter and $6,000 for Representative Plaintiff Macey, shall be made by the Settlement Administrator to the appropriate parties within fifteen (15) business days after Final Approval of the Settlement Agreement.

(ii) If an objection to the settlement is made but no appeal is filed, (a) payment to all Settlement Class Members in exchange for the release of all Settled Claims and Claims Released, (b) settlement administration costs owed to the Settlement Administrator, (c) attorneys' fees of Class Counsel, which shall not exceed $292,875, which is thirty-three percent (33%) of the Gross Common Fund Settlement Amount; (d) out of pocket expenses of Class Counsel, and (e) the Service Awards payable to the Representative Plaintiffs, in the amount of $9,000 for Representative Plaintiff Cotter and $6,000 for Representative

SETTLEMENT AGREEMENT
AND RELEASE

Plaintiff Macey; shall be made by the Settlement Administrator to the appropriate parties within sixty (60) business days after Final Approval of the Settlement Agreement.

(iii) If an objection to the Settlement is made and an appeal is filed, (a) payment to Settlement Class Members in exchange for the release of all Settled Claims and Claims Released, (b) settlement administration costs owed to the Settlement Administrator, (c) attorneys' fees of Class Counsel, which shall not exceed $292,875, which is thirty-three percent (33%) of the Gross Common Fund Settlement Amount; (d) out of pocket expenses of Class Counsel; and (e) the Service Awards payable to the Representative Plaintiffs, in the amount of $9,000 for Representative Plaintiff Cotter and $6,000 for Representative Plaintiff Macey; shall be made by the Settlement Administrator to the appropriate parties within sixty (60) days of the date the judgment approving the settlement is final and no longer subject to appeal.

c.     <u>Interest</u>. Any interest on the funds deposited by Defendant will inure to the party to whom the underlying funds are ultimately paid out.

32.     <u>Order of Payments</u>.   Before any Settlement Awards are paid to Settlement Class Members, the Settlement Administrator shall make payments from the Qualified Settlement Fund as are approved by the Court for (i) the costs of administration of this settlement by the Settlement Administrator; (ii) the payment of attorneys' fees of Class Counsel; (iii) the payment of attorneys' expenses of Class Counsel; and (iv) the Service Awards to Representative Plaintiffs Diane Cotter and John Macey.

33.     Once the payments designated above have been made, the balance remaining shall constitute the Net Common Fund Settlement Amount from which Settlement Awards shall be calculated. To the extent that individuals opt-out of the settlement, the amounts allocated to their settlement shares shall first be applied towards any amounts owed by Verizon New England for its share of FICA and FUTA taxes and any other payroll taxes on the amounts actually paid to Settlement Class Members to the extent required by law, on claims made in the Settlement. Additionally, after all Settlement Class Members have had an opportunity to present their Settlement Checks for payment, any amount remaining in the Qualified Settlement Fund after such payments are made shall first be applied (directly or as a reimbursement)

SETTLEMENT AGREEMENT
AND RELEASE

towards any amounts owed or paid by Verizon New England for its share of FICA and FUTA taxes and any other payroll taxes on the amounts actually paid to Settlement Class Members to the extent required by law, on claims made in the Settlement, and then any residue shall be donated to a charity mutually agreed upon by the Parties.  In the event that the Settlement Administrator cannot lawfully remit to taxing authorities Verizon New England's share of payroll taxes when they are due, the Settlement Administrator shall forward to Defendant or its counsel, from the Gross Common Fund Settlement Amount, a statement of the amounts to be remitted to the applicable tax authorities or other entities.

34.   Representative Plaintiffs, Class Counsel, and Costs of Administration.  Subject to Court approval and for purposes of effectuating this Settlement Agreement, the following amounts shall be paid by the Settlement Administrator from the Gross Common Fund Settlement Amount:

a.   Service Awards for Representative Plaintiffs.  In exchange for the release of all Claims Released, enhancements in the total amount of $15,000, will be set aside for the Representative Plaintiffs for their efforts in bringing and prosecuting this matter.  Representative Plaintiff Cotter shall be entitled to a Service Award of $9,000 in recognition of her efforts in bringing and prosecuting this matter. Representative Plaintiff Macey shall be entitled to a Service Award of $6,000 in recognition of his efforts in bringing and prosecuting this matter.  The Qualified Settlement Fund shall issue a Form 1099 for each of these payments.  The Representative Plaintiffs will be entitled to these service awards in addition to their respective shares of the Net Common Fund Settlement Amount, as determined in accordance with Section 35(b).

b.   Class Counsel.

(i)   Representative Plaintiffs may request that the Court grant Class Counsel reasonable attorneys' fees that shall not exceed thirty-three percent (33%) of the Gross Settlement Common Fund Amount, or $292,875.00.  This amount will compensate Class Counsel for work already performed in this case and all of the work remaining to be performed in this case, including but not limited to documenting the Settlement Agreement, securing Court approval of the Settlement Agreement, making sure that the Settlement Agreement is fairly administered and implemented and obtaining dismissal of the action with prejudice.  Failure of the Court to approve in full Class Counsel's request for attorneys' fees shall in no

way affect the Parties' settlement obligations.  Representative Plaintiffs may also request that the Court grant Class Counsel attorney expenses to reimburse Class Counsel for its costs of suit.  Attorneys' expenses may include all expenses incurred by Class Counsel in the prosecution of this action.  Said fees and costs are included in the Gross Common Fund Settlement Amount.

(ii)    Defendant and its attorneys agree not to oppose any application or motion by Class Counsel for attorneys' fees and expenses up to those amounts, so long as any such application or motion is consistent with the provisions of this Settlement Agreement, and Class Counsel agrees not to petition the Court for any additional payments for fees, costs or interest.

(iii)    The Settlement Administrator shall pay the attorneys' fees and costs set forth above, once approved by the Court in Section 34(b)(i) from the Qualified Settlement Fund in accordance with the disbursement provisions set forth in Section 31(b).

(iv)    The attorneys' fees and costs approved by the Court shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Class Action incurred on behalf of the Representative Plaintiffs and/or the Settlement Class, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Representative Plaintiff and/or the Settlement Class.  Class Counsel further agrees that any allocation of fees between or among Class Counsel and any other attorney representing a Representative Plaintiffs and/or the Settlement Class shall be the sole responsibility of Class Counsel, and Class Counsel agrees to indemnify and hold harmless Defendant from any claim or liability by any other party claiming or seeking to claim any attorney fees or costs.

(v)    A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel.  Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to Class Counsel.  Class Counsel agrees to indemnify and hold harmless Defendant and Releasees and the Qualified Settlement Fund from any claim or liability for taxes, penalties or interest for which Class Counsel is responsible as a result of the payment or any allocation of the payment made to Class Counsel.

c.  Costs of Administration.  All fees, costs, expenses and other claims administration by the Settlement Administrator shall be paid from the Gross Common Fund Settlement Amount as set forth in this Settlement Agreement.  The Settlement Administrator shall provide the Court and counsel for the Parties with an estimate of such costs of administration no later than five (5) business days after Class Counsel files its Motion for Preliminary Approval of Settlement.  No later than five (5) days prior to the Final Settlement Approval Hearing, the Settlement Administrator shall provide the Court and counsel for the Parties with a statement detailing the then-incurred costs of administration.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement.

35.  Settlement Awards to Settlement Class Members.  Solely for purposes of effectuating this Settlement Agreement and in exchange for the release of Settled Claims, as set forth elsewhere in this Agreement, an Eligible Class Member or Representative Plaintiff who does not submit a timely and valid request to opt-out of the settlement to the Settlement Administrator shall receive a Settlement Check containing express language releasing all claims that were or could have been raised in the Complaint.  Any Settlement Class Member who signs and presents his or her Settlement Check for payment without any modifications to the check or the release language contained thereon shall be entitled to receive a Settlement Award from the Net Common Fund Settlement Amount, as set forth elsewhere in this Agreement.  The Settlement Administrator, subject to Court approval, shall be responsible for receiving and reviewing requests to opt-out of the settlement and for determining eligibility for, and calculating the amounts of, the Settlement Awards to be paid to Settlement Class Members.  The Settlement Administrator will receive or have access to personnel and payroll records from Defendants that will permit it to calculate each Settlement Class Member's Settlement Award in the following manner:

a.  The Settlement Administrator will verify the number of weeks worked by each Eligible Class Member in a Covered Call Center during the Class Period.

b.  The Settlement Administrator will then calculate the total number of weeks worked by all Eligible Class Members in a Covered Call Center during the Class Period, both individually and in the aggregate.

c.     The number of weeks worked by each Eligible Member in a Covered Call Center during the Class Period will be divided by the number of weeks worked by all Eligible Class Members in a Covered Call Center during the Class Period. This ratio will determine what percentage of all the weeks so worked by Eligible Class Members was worked by each one of them (a "percentage settlement share").

d.     Each Settlement Class Member's percentage settlement share will be multiplied by the Net Common Fund Settlement Amount to determine each Settlement Class Member's monetary Settlement Award.

e.     Settlement Awards shall be paid to Settlement Class Members following the Effective Date of this Settlement Agreement, in accordance with the disbursement provisions outlined in Section 31(b).

f.     The Parties agree that fifty percent (50%) of each Settlement Award shall be treated as back wages paid by Defendant to the Settlement Class Member. Accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to fifty percent (50%) of each Settlement Award distributed. The employee share of such taxes will be paid out of the Gross Common Fund Settlement Amount. Except as otherwise provided in Paragraph 33 or in subparagraph m of this Paragraph, the employer's share of any such W-2 taxes will be paid by Verizon New England and not from the Qualified Settlement Fund. Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining fifty percent (50%) of each such Settlement Award shall be treated by all parties as non-wage penalties and prejudgment interest, to be reported to the IRS and the Settlement Class Member on an IRS Form 1099, and shall not be subject to FICA, FUTA, or other withholding. Defendant shall cooperate with the Settlement Administrator to provide payroll tax information to the Settlement Administrator as shall be necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award and the Form 1099 reporting for the non-wage portion of each Settlement Award.

g.     All eligibility and Settlement Award determinations shall be based on personnel and payroll records that Defendant will make available as needed to the Settlement Administrator. There is a

rebuttable presumption that Defendant's personnel, time and payroll records are correct, but Eligible Class Members will have the opportunity, should they disagree with Defendant's records, to provide documentation and/or an explanation to show contrary employment dates. The Settlement Administrator shall defer to Verizon New England's records unless clear and convincing evidence is presented by the Eligible Class Member. Each Class Notice will contain an estimate of the amount of each Eligible Class Member's expected settlement award, as well as the number of weeks the Eligible Class Member worked as an Eligible Class Member in a Covered Call Center during the Class Period. If there is a dispute or contrary evidence, the Settlement Administrator shall promptly evaluate and make a determination based on all the information provided. Prior to rejecting an Eligible Class Member's documentation or explanation of disagreement, the Settlement Administrator shall provide notice of the issue to Class Counsel and Defendants' Counsel and at least seven (7) days for them to propose an amicable resolution of the issue through a meet and confer process. The Settlement Administrator will notify the Eligible Class Member, Class Counsel and Defendants' Counsel by mail of its decision. If the Settlement Administrator determines that the Eligible Class Member's estimate of weeks worked is correct, that change will be reflected any Settlement Award paid to that person. If the Settlement Administrator does not agree with any Eligible Class Member's contention about weeks worked, that Class Member will have twenty-one (21) calendar days from the date of the postmark on the notification letter from the Settlement Administrator to opt out of the settlement. If no records exist from which the Settlement Administrator can determine if an Eligible Class Member worked (or did not work) as an Eligible Class Member in a Covered Call Center during the Class Period, there shall be a presumption that the Eligible Class Member was not working as an Eligible Class Member in a Covered Call Center team during the time period for which no such records exist. The Settlement Administrator's decision will be final, unless the parties agree to a different resolution.

        h.      The Settlement Administrator shall provide both Counsel with its calculations of the number of weeks worked by, and the approximate Settlement Award to, each Eligible Class Member at least seven (7) business days before the Class Notice is mailed to Eligible Class Members. Further, to the extent that modifications to those calculations occur after they are provided to Counsel, the Settlement Administrator shall provide both Counsel with its revised calculations of the number of weeks worked by,

SETTLEMENT AGREEMENT
AND RELEASE

and the corresponding Settlement Awards to each Eligible Class Member, as soon as possible, and in any case at least seven (7) business days before Settlement Checks are mailed to such Class Members.

      i.     Upon reasonable proof submitted to the Settlement Administrator by Defendant, any payment to a Settlement Class Member will be reduced by the amount of any outstanding wage garnishment, lien or other deduction authorized or required by law.

      j.     The Parties may seek review of a determination of the Settlement Administrator or other dispute regarding the interpretation or implementation of the Settlement Agreement by the Court after the Parties confer in good faith in an effort to resolve any disagreement.

      k.     Unless otherwise ordered by the Court, the Settlement Administrator shall pay all Settlement Awards no later than the date specified in the Implementation Schedule.

      l.     All checks for Settlement Awards shall remain valid and negotiable for 60 days from the date of their issuance and may thereafter automatically be canceled if not presented for payment by a Settlement Class Member within that time, at which time the Settlement Class Member's right to recover any Settlement Award will be deemed void and of no further force and effect, although their release of Settled Claims will remain valid.  The Settlement Administrator will include with the checks a letter stating that the check must be cashed or deposited within 60 days or it will be cancelled.

      m.     Surplus funds from checks not cashed remaining in the Net Common Fund Settlement Amount at the expiration of the 60 day period for cashing checks shall first be applied (directly or as a reimbursement) towards any amounts owed or paid by Verizon New England for its share of FICA and FUTA taxes or any other payroll taxes on the amounts actually paid to Settlement Class Members, to the extent required by law.  Any residue of such surplus funds not so applied shall be donated to a charity mutually agreed upon by the Parties.  To the extent that the combination of funds allocated to the shares of individuals who opt out of the settlement and any available surplus funds are not sufficient to fully exhaust Verizon New England's share of FICA and FUTA taxes and any other payroll taxes on the amounts actually paid to Settlement Class Members at the time such taxes are due, Verizon New England shall be responsible for payment of such taxes, subject to being reimbursed from funds allocated towards settlement checks that have not been timely presented for payment.

CLI-1977042v3

- 23 -

SETTLEMENT AGREEMENT
AND RELEASE

n.    The aggregate amount of the Settlement Awards to Settlement Class Members shall not, under any circumstances, exceed the Net Common Fund Settlement Amount.   Other than to the Representative Plaintiffs as set forth herein, Defendant shall have no obligation to pay any amounts to Eligible Class Members in excess of approved claims for Settlement Awards as calculated in accordance with this Settlement Agreement.

o.    No portion of the Net Common Fund Settlement Amount shall revert to Verizon New England other than to satisfy its portion of FICA and FUTA taxes and other payroll taxes on the amounts actually paid to Settlement Class Members to the extent required by law in the manner described in Paragraphs 35(m), above.

36.    <u>Completion of and Report on Settlement Administration</u>.   The Settlement Administrator shall keep counsel for the Parties apprised of all distributions from the Gross Common Fund Settlement Amount.   Administration of the settlement shall be completed on or before the date specified in the Implementation Schedule.    Upon completion of administration of the settlement, the Settlement Administrator shall provide written certification of such completion and provide proof of payment to the Court and counsel for the Parties.   The Settlement Administrator also shall furnish counsel for the Parties with a report showing the names, amounts, and dates of each payment.

37.    In no event shall there be any distribution from the Gross Common Fund Settlement Amount until after the Effective Date.   Disbursements will be made in accordance with the provisions outlined elsewhere in this Agreement, including in Section 31(b) and 35.

38.    <u>No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement</u>.   No person shall have any claim against Defendants or any of the Released Parties, the Representative Plaintiffs, the Settlement Class, Class Counsel or the Settlement Administrator with respect to any distribution or payment made in accordance with this Settlement Agreement or any order of the Court.

## VII.   DISPUTE RESOLUTION

39.   Except as otherwise set forth herein, all disputes concerning the interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows:

a.   If the Representative Plaintiffs or Class Counsel, on behalf of the Representative Plaintiffs or any Eligible Class Member, or Defendant at any time believes that any other party or the Settlement Administrator has breached or acted contrary to the Settlement Agreement, that party shall notify the other party in writing of the alleged violation.

b.   Upon receiving notice of the alleged violation or dispute, the responding party shall have 10 days to correct the alleged violation and/or respond to the initiating party with the reasons why the party disputes all or part of the allegation.

c.   If the response does not address the alleged violation to the initiating party's satisfaction, the Parties shall negotiate in good faith for up to 14 days to resolve their differences.

d.   If the Parties are unable to resolve their differences after 14 days, the parties shall present their dispute to mediator Brad Honoroff.  In the event that the mediation is unsuccessful, either party may file an appropriate motion for enforcement with the Court.  The Parties agree that the Court shall retain continuing jurisdiction over this case to ensure the continuing implementation of the provisions of this Settlement Agreement.

## VIII.   FAILURE OF SETTLEMENT; APPELLATE REVIEW

40.   Right of Revocation.  For a period of seven (7) business days following the deadline for Class Members to exclude themselves from this Settlement, Defendant shall have the right, but not the obligation, to provide Class Counsel with written notice that it is revoking this Settlement Agreement, if requests for exclusion from the proposed Settlement Agreement are validly filed by more than ten percent (10%) of the Eligible Class Members.  After the expiration of those seven (7) business days, if Defendant has not exercised this right, this Settlement Agreement, and the terms it memorializes, shall be effective, subject to Court approval.

41.   <u>Effect of Revocation or Failure of Settlement</u>.  In the event that the Settlement Agreement does not become final for any reason, this Settlement Agreement shall be null and void and any order entered by the Court in furtherance of this settlement shall be treated as void *ab initio*.  In such a case, the Parties shall return to the status quo as if the Parties had not entered into this Settlement Agreement.  In addition, in such event, the Settlement Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties.  Furthermore, no evidence relating to the Settlement Agreement or the negotiations shall be admissible or discoverable in the Class Action or any other litigation or other proceeding of any kind or manner.  In the event that the Settlement does not become final for any reason, any funds held by the Settlement Administrator for the purpose of payment of Settlement Awards, Service Awards to the Representative Plaintiffs, and/or attorneys' fees and costs to Class Counsel shall be returned to Verizon New England, and the parties shall proceed in all respects as if this Settlement Agreement had not been executed.   Settlement Administrator.   The Settlement Administrator will be paid equally by the parties for its costs incurred through the date it is notified that the Settlement will not proceed.

42.   <u>Impact of Appellate Review</u>.  In the event an appeal is filed from any of the Court's Orders, or any other appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed pending final resolution of the appeal or other appellate review.

## IX.   <u>MISCELLANEOUS</u>

43.   <u>Due Diligence</u>.   The Parties agree to diligently prepare and execute this Settlement Agreement. Class Counsel agrees to diligently prepare the Motion for Preliminary Approval of Settlement.

44.   <u>No Publicity</u>.  The Parties and their counsel agree that they will not issue any press releases or hold any press conferences or initiate any contact with the press, media or any industry association about this case and/or the fact, amount or terms of the Settlement Agreement.  If the Parties or their counsel are contacted by the press, media or any industry association, they will respond only that the case has been amicably resolved to the Parties' mutual satisfaction.  Further, the Parties and their counsel agree that they will not post information about the Class Action on their websites, and if such information is presently on a website under the control of the Parties or their counsel, they will remove such information promptly.

SETTLEMENT AGREEMENT
AND RELEASE

45.   <u>Various Proceedings Stayed</u>.  The Parties agree to hold all proceedings in the Class Action, except as such proceedings may be necessary to implement and complete this Settlement Agreement, in abeyance pending the Final Settlement Approval Hearing to be conducted by the Court.

46.   <u>Defense Fees and Costs</u>.  Defendant's own attorneys' fees and legal costs and expenses incurred in the Class Action shall be borne by Defendant from Defendant's separate funds and not from the Gross Common Fund Settlement Amount.

47.   <u>Amendment or Waiver Only in Writing</u>.  This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.  No rights hereunder may be waived except in writing.

48.   <u>Entire Agreement</u>.  This Settlement Agreement and any attached Exhibits constitute the entire agreement between the Parties relating to the Settlement and transaction contemplated thereby.  All prior or contemporaneous agreements, understandings and statements, whether oral or written, and whether by a party or its counsel, are merged herein.  No oral or written representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

49.   <u>Authorization to Execute Agreement and Effectuate Settlement and Agreement to Cooperate</u>.  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate the terms hereof, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement.  In the event the Parties are unable to reach agreement on the form or content of any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties shall first submit their dispute to Mediator Brad Honoroff, and, in the event that mediation does not resolve the dispute, the parties shall seek the assistance of the Court to resolve such disagreement, and the Court's decision shall be final and binding on the Parties.  The person signing

SETTLEMENT AGREEMENT
AND RELEASE

this Settlement Agreement on behalf of each Defendant represents and warrants that he/she is authorized to sign this Settlement Agreement on behalf of that Defendant.

50. <u>Binding Upon Successors and Assigns</u>. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties and the Parties, as previously defined.

51. <u>No Prior Assignment</u>. The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

52. <u>Governing Law</u>. All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Massachusetts, except where federal law applies.

53. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts and by email or facsimile. All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

54. The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein. The Exhibits to this Settlement Agreement are an integral part of the Settlement Agreement. Unless specifically provided otherwise in the Exhibits to this Settlement Agreement, in the event of any conflict between the Settlement Agreement and the Exhibits, the terms of the Settlement Agreement shall control.

55. <u>Construction</u>. The Parties believe the terms of the settlement as set forth in this Settlement Agreement are a fair, adequate and reasonable settlement of this Class Action and have arrived at this Settlement Agreement in arms-length negotiations and with the assistance of a professional mediator, taking into account all relevant factors, present and potential. This Settlement Agreement has been drafted jointly by counsel for the Parties. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

SETTLEMENT AGREEMENT
AND RELEASE

56.   <u>Retention of Jurisdiction</u>.   The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

57.   <u>Agreement of Defendant and Representative Plaintiffs</u>.   Defendant and the Representative Plaintiffs agree not to object to or appeal any of the terms of this Settlement Agreement.

58.   <u>No Injunctive or Prospective Relief</u>.   As part of this Settlement Agreement, or the underlying Settlement of the Class Action, Defendant shall not be required to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive or prospective relief.

59.   <u>No Signature Required by Eligible Class Members on Settlement Agreement</u>.   Because the Eligible Class Members are so numerous, it is impossible or impractical to have each one execute this Settlement Agreement.  The Class Notice, Exhibit A hereto, will advise all Eligible Class Members of the binding nature of the release. Each Settlement Check shall contain an express release, binding upon each Eligible Class Member participating in the Settlement, and the act of signing the Settlement Check shall have the same force and effect as if this Settlement Agreement were executed by each Eligible Class Member.

60.   <u>Titles and Captions of No Force</u>.   Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

61.   <u>Mutual Full Cooperation</u>.   The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.

62.   <u>Invalid Without Court Approval</u>.   This Settlement Agreement is subject to approval by the Court. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative

value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

SHAPIRO HABER & URMY LLP

Date: _4/23/12_

By: _____
Thomas V. Urmy, Jr.
Counsel for Plaintiffs and the Settlement Class

JONES DAY

Date: _____

By: _____
Stanley Weiner, Esq.
Counsel for Defendant
Verizon New England Inc.

Date: _____

_____
Diane Marie Cotter

Date: _____

_____
John Robert Macey III

Date: _____

_____
By:
Verizon New England Inc.

Date: _____

_____
By:
Settlement Administrator

SETTLEMENT AGREEMENT
AND RELEASE

value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

SHAPIRO HABER & URMY LLP

Date: _____          By: _____
                                 Thomas V. Urmy, Jr.
                                 Counsel for Plaintiffs and the Settlement Class

                                 JONES DAY

Date: _____          By: _____
                                 Stanley Weiner, Esq.
                                 Counsel for Defendant
                                 Verizon New England Inc.

Date: _____          _____
                                 Diane Marie Cotter

Date: _____          _____
                                 John Robert Macey III

Date: 4/12/2012                  _____
                                 By: HARVEY RUMELD
                                 Verizon New England Inc.

Date: _____          _____
                                 By:
                                 Settlement Administrator

value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

SHAPIRO HABER & URMY LLP

Date: _____

By: _____
Thomas V. Urmy, Jr.
Counsel for Plaintiffs and the Settlement Class

JONES DAY

Date: _____

By: _____
Stanley Weiner, Esq.
Counsel for Defendant
Verizon New England Inc.

Date: _____

_____
Diane Marie Cotter

Date: _____

_____
John Robert Macey III

Date: _____

_____
By:
Verizon New England Inc.

Date: _____

_____
By:
Settlement Administrator

CLI-1977042v3

- 30 -

SETTLEMENT AGREEMENT
AND RELEASE

SHAPIRO HABER & URMY LLP

Date: _____

By: _____
Thomas V. Urmy, Jr.
Counsel for Plaintiffs and the Settlement Class

JONES DAY

Date: _____

By: _____
Stanley Weiner, Esq.
Counsel for Defendant
Verizon New England Inc.

Date: _____

_____
Diane Marie Cotter

Date: 4/13/2012

_____
John Robert Macey III

Date: _____

_____
By:
Verizon New England Inc.

Date: _____

_____
By:
Settlement Administrator

- 30 -

SETTLEMENT AGREEMENT
AND RELEASE

value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any

purpose whatsoever.

SHAPIRO HABER & URMY LLP

Date: _____          By: _____
                                 Thomas V. Urmy, Jr.
                                 Counsel for Plaintiffs and the Settlement Class

                                 JONES DAY

Date: _____          By: _____
                                 Stanley Weiner, Esq.
                                 Counsel for Defendant
                                 Verizon New England Inc.

Date: *April 14, 2012*           _____
                                 Diane Marie Cotter

Date: _____          _____
                                 John Robert Macey III

Date: _____          _____
                                 By:
                                 Verizon New England Inc.

Date: _____          _____
                                 By:
                                 Settlement Administrator

CLI-1977042v3                                    SETTLEMENT AGREEMENT
                              30                      AND RELEASE

value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any

purpose whatsoever.


SHAPIRO HABER & URMY LLP


Date: _____          By: _____
                                          Thomas V. Urmy, Jr.
                                          Counsel for Plaintiffs and the Settlement Class


                                          JONES DAY


Date: _____          By: _____
                                          Stanley Weiner, Esq.
                                          Counsel for Defendant
                                          Verizon New England Inc.


Date: _____          _____
                                          Diane Marie Cotter


Date: _____          _____
                                          John Robert Macey III


Date: _____          _____
                                          By:
                                          Verizon New England Inc.


Date: 4/22/12                             _____
                                          By:
                                          Settlement Administrator
                                          Simpluris, Inc.


CLI-1977042v3                                          SETTLEMENT AGREEMENT
                          - 30 -                          AND RELEASE

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Diane Marie Cotter and<br>John Robert Macey, III,<br>Individually and on Behalf of All Other<br>Persons Similarly Situated | )<br>)<br>) | C.A. No. 4:11-cv-40027 |
| *Plaintiffs,* | )<br>)<br>)<br>) | |
| v. | )<br>)<br>) | |
| Verizon New England Inc. | )<br>)<br>) | |
| *Defendant.* | )<br>)<br>) | |

## NOTICE OF PENDENCY OF CLASS ACTION AND
## PROPOSED CLASS ACTION SETTLEMENT

**Please Read This Notice Carefully, As It Describes Your Right To Participate In A Class Action Settlement.**

**TO:** All current or former hourly employees of Verizon New England, Inc. ("Verizon New England") who between February 2, 2008 through _____ were employed by Verizon New England as Service Representatives whose primary job duty was to handle incoming customer sales and/or billing calls, and who were employed at (1) Verizon New England Consumer Sales and Service Centers located at 20 Shattuck Road, Andover, MA, or 385 Myles Standish Blvd., Taunton, MA, or 220 Brooks Street, Worcester, MA, or 251 Locke Drive, Marlboro, MA, or 295 Worthington Street, Springfield, MA; or (2) Verizon New England Business Sales and Billing Centers located at 220 Brooks Street, Worcester, MA or 800 Chelmsford Street, Lowell, MA.

- BASED ON INFORMATION PROVIDED BY VERIZON NEW ENGLAND, YOU ARE A PERSON WHO IS ENTITLED TO RECEIVE BENEFITS AS THE RESULT OF THE SETTLEMENT OF THE ABOVE-CAPTIONED CASE.

- **IF THE COURT GRANTS FINAL APPROVAL TO THE SETTLEMENT AND YOU DO NOT OPT-OUT OF THE SETTLEMENT IN THE MANNER DESCRIBED IN THIS NOTICE, YOU WILL RECEIVE A SETTLEMENT PAYMENT CURRENTLY ESTIMATED TO BE $_____.**

- YOU MAY OPT-OUT OF THIS LAWSUIT AND THE SETTLEMENT IF YOU CHOOSE TO DO SO.

- UNLESS YOU OPT-OUT OF THE SETTLEMENT, YOU WILL RELEASE ALL CLAIMS, KNOWN OR UNKNOWN, YOU MAY HAVE AGAINST VERIZON NEW ENGLAND UNDER MASSACHUSETTS AND FEDERAL WAGE AND HOUR LAWS.

- THIS NOTICE ONLY SUMMARIZES THE SETTLEMENT.   FOR MORE INFORMATION OR TO OBTAIN A COPY OF THE SETTLEMENT AGREEMENT, CALL THE SETTLEMENT ADMINISTRATOR IDENTIFIED BELOW AT _____.

## 1.  Why Did I Get This Notice?

The Court has approved this notice to tell you about a settlement in the class action lawsuit entitled *Cotter et al. v. Verizon New England, Inc.*, United States District Court for the District of Massachusetts, C.A. No. 4:11-cv-40027 (FDS).  The purpose of this Notice is to inform you of the pending settlement and your rights under it.  You have received this Notice because Verizon New England's records suggest that you are a person who between February 2, 2008 and _____ (the "Class Period") was employed by Verizon New England as a Service Representative whose primary job duty was to handle incoming sales and/or billing calls and who was employed at (1) a Verizon New England Consumer Sales and Service Center ("CSSC") located at 20 Shattuck Road, Andover, MA; 385 Myles Standish Blvd., Taunton, MA; 220 Brooks Street, Worcester, MA; 251 Locke Drive, Marlboro, MA; or 295 Worthington Street, Springfield, MA or (2) a Verizon New England Business Sales and Billing Center ("BSBC") located at 220 Brooks Street, Worcester, MA or 800 Chelmsford Street, Lowell, MA (collectively the "Covered Call Centers").  If so, you are an Eligible Class Member who will be entitled to receive money under the settlement if it is approved by the Court.

## 2.  What Is This Lawsuit About?

The Plaintiffs, Diane Marie Cotter and John Robert Macey, III, are former Verizon New England Service Representatives who worked in a Covered Call Center in Massachusetts. On February 2, 2011, they filed a class action lawsuit against Verizon New England that alleged that they and other Verizon New England Service Representatives whose primary job duty was to handle incoming sales and/or billing calls in the Covered Call Centers were not paid for all their hours worked.  Verizon New England has denied and continues to deny all wrongdoing, but it has agreed with Plaintiffs that a settlement is appropriate because of the expense of continuing the litigation.  Verizon New England does not oppose this settlement and it will not retaliate against any person who receives his or her share of the settlement.

On _____, 2012, a hearing was held before the Honorable F. Dennis Saylor, the judge assigned to this case.  At that time, Judge Saylor gave preliminary approval to the settlement, and directed that you receive this Notice.  As more fully described in Section 18, below. Judge Saylor will hold a Final Settlement Approval Hearing in Worcester on _____.

3. **Who Does The Settlement Cover?**

This Settlement is offered to all persons who were employed by Verizon New England as Service Representatives whose primary job duty was to handle incoming sales and/or billing calls at a Covered Call Center in Massachusetts (the locations identified in Section 1, above) during the Class Period. You were sent this Notice because Verizon New England's records indicate that you fall within that description.

4. **What Will I Get Under The Settlement?**

**Your settlement payment is currently estimated to be $_____, depending on the amount of legal fees and other expenses that are approved by the Court.** Your settlement share will be based on the number of workweeks you were employed by Verizon New England in a covered position at a Covered Call Center during the Class Period. Verizon New England's records reflect that you worked \_\_\_ workweeks in a covered position at a Covered Call Center during the relevant Class Period. Time worked for Verizon New England during other time periods, or in other jobs, or at other locations, does not count toward calculating the amount of your settlement payment.

The currently estimated amount payable per class member workweek was arrived at by taking the total Settlement amount ($887,500), and deducting from that amount estimated payments for: (1) settlement administration expenses, presently estimated at $18,000; (2) enhancement payments totaling $15,000 to Plaintiffs Cotter and Macey; (3) reimbursement of Plaintiffs' counsel's out of pocket litigation expenses not to exceed $40,000; and (4) Plaintiffs' counsel's legal fees of $292,895, which is 33% of the settlement. Those estimated payments, totaling $365,895, are based on the amounts Plaintiffs currently expect to request from the Court, and are all subject to approval of the Court.

After deducting whatever amounts the Court may approve, the claims of Class Members who do not validly opt out will be paid out of the balance of the settlement fund. Your share of the fund will be determined by dividing the total number of weeks you worked for Verizon New England in a covered position during the Class Period by the total number of weeks worked by all eligible Class Members in covered positions during that period. The resulting percentage will be your share of the settlement, provided that you do not validly opt-out. The total remaining settlement fund will be multiplied by that percentage to determine the amount of your share of the settlement, provided you do not validly opt-out. Your share could be larger than the amount set forth above if the Court sets lower attorneys' fees, litigation costs, administrative expenses, or enhancement payments. Funds allocated to individuals who opt-out, as well as funds allocated to individuals who do not timely cash their settlement checks, will first be used to offset any employment tax liability of Verizon New England based on amounts paid in the settlement, with the remainder (if any) donated to charity.

3

5.  **Will My Settlement Payment Be Taxed?**

All of the money you receive from the Settlement will be subject to federal and state income tax.  Fifty percent (50%) of the payment made to you will be subject to required wage withholdings and deductions, and as a result, the amount you actually receive will be less than the estimated amount listed above.  The remaining fifty percent (50%) will be deemed a non-wage payment that is also taxable but does not require withholding.  IRS Forms W-2, reflecting the wage payment, and 1099, reflecting the non-wage payment, will be distributed by the Settlement Administrator to the IRS and participating Class Members, reflecting the payments they receive under the settlement.  You should consult with your tax advisor about the tax consequences of the payments you may receive under the Settlement.

6.  **What If I Think I Worked More Relevant Workweeks Than Verizon New England's Records Reflect?**

Verizon New England's records show that you worked _____ workweeks in a covered position at a Covered Call Center during the Class Period.  If you believe that number is inaccurate, please contact the Settlement Administrator immediately and provide them with any documentation that supports your view that you actually worked more (or less) qualifying workweeks than Verizon New England's records reflect.  Under the terms of the Settlement, Verizon New England's records will control in the absence of contrary documentary evidence.  Counsel for the parties and the Settlement Administrator will attempt to resolve any disputes and, if they are unable to do so, the Court will make a final determination as to the proper number of workweeks.

7.  **What Are My Options?**

You have the following options under the Settlement:

> (i)     You may do nothing, in which case you will receive a Settlement payment once the Settlement becomes final, and you will be bound by the Settlement's terms.  If the Court grants final approval of the Settlement, checks will be mailed to Settlement Class Members and be valid for 60 days from mailing;

> (ii)     You may opt-out of the Settlement by sending a written request to do so to the Settlement Administrator in the manner described in Section 9, below, in which case you will not be bound by the Settlement; or

> (iii)     You may object to the Settlement by submitting your written objections to the Settlement Administrator in the manner described in Section 11, below.  If you object to the Settlement, you will remain in the class unless you have also opted-out.

4

**8. How Can I Contact The Settlement Administrator?**

The Settlement Administrator approved by the Court is Simpluris, Inc. of Costa Mesa, California. If you wish to contact the Settlement Administrator, you may do so by telephone _____, email _____ or through the U.S. Postal Service at 3176 Pullman Street # 123, Costa Mesa, CA 92626.

**9. How Do I Opt-Out Of The Lawsuit And Settlement?**

If you do not want to receive a Settlement payment and want to maintain the right to pursue your own claims against Verizon New England, then you must submit a written request to opt-out of the Settlement. Your written request to opt-out must include your full name, address, signature and a statement that you wish to opt-out of the lawsuit in *Cotter et al. v. Verizon New England, Inc.*, C.A. No. 4:11-cv-40027 (FDS). **The request should be postmarked no later than _____, 2012 and mailed to the Settlement Administrator, through the U.S. Postal Service, at the address listed in Section 8, above.**

**10. What If Many Class Members Opt-Out Of The Lawsuit And Settlement?**

If more than ten percent (10%) of the Eligible Class Members request exclusion from the settlement, then Verizon New England may cancel the Settlement Agreement. Verizon New England must exercise this right by notifying Class Counsel in writing no later than fifteen (15) business days after the Settlement Administrator first notifies Verizon New England's attorneys of the total number of opt-outs.

**11. How Do I Object To The Settlement?**

If you object to any aspect of the Settlement, you can submit a written objection for the Court to consider at the Final Settlement Approval Hearing, which is scheduled to be held on _____, 2012. **Your objection must be in writing and include your full name, address, telephone number, signature, a statement that you object to the Settlement in *Cotter et al. v. Verizon New England, Inc.*, C.A. No. 4:11-cv-40027 (FDS), and the reason(s) for your objection. If you or your lawyer intends to appear at the Final Settlement Approval Hearing to argue your objection, you must say so in your written objection.**

**Any objections must be filed with the Court by no later than _____, 2012,** addressed to the Clerk of the Court, 595 Main Street, Worcester, Massachusetts 01608. Copies of the objection must also be mailed to the Settlement Administrator, to Class Counsel, Thomas V. Urmy, Jr., Shapiro Haber & Urmy LLP, 53 State Street, Boston, Massachusetts 02109 and to Verizon New England's counsel, Michael M. Michetti, Jones Day, 901 Lakeside Avenue, Cleveland, Ohio 44114.

**12. How Do I Correct My Name Or Address?**

It is your obligation to keep the Settlement Administrator informed about your current address and contact information. Therefore, if you move after receiving this Notice, or if

5

it was misaddressed, or if for any reason you want your payment or future correspondence concerning this action and the Settlement to be sent to a different address, you should so advise the Settlement Administrator at _____.

### 13. What Am I Giving Up If I Do Not Opt-Out Of The Settlement?

If you do not opt-out of the Settlement and the Settlement is approved by the Court at the Final Settlement Approval Hearing, you will receive your share of the settlement fund, and you will be bound by the judgment in the case and be precluded from bringing similar claims against Verizon New England or any of its parent and/or affiliated companies in the future. Specifically, under the judgment, and as set forth in greater detail in the Settlement Agreement, you will be precluded from bringing any claims against Verizon New England under the Massachusetts and federal wage and hour laws which were raised or could have been asserted in the case, including, without limitation, claims seeking unpaid wages or overtime wages during the Class Period.

If you opt-out of the Settlement, you will not receive any money and will not be deemed to have released or waived any such claims.

### 14. Who Are Class Counsel?

The Court has appointed Plaintiffs' lawyers as Class Counsel to represent the Eligible Class Members who participate in the Settlement. Class Counsel are:

Thomas V. Urmy, Jr.
turmy@shulaw.com

Rachel M. Brown
rbrown@shulaw.com

Shapiro Haber & Urmy LLP
53 State Street,
Boston, MA 02109
(617) 439-3939; (800) 287-8119

Unless you opt-out of the Settlement, you will be represented by Class Counsel in connection with the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. Who Are Verizon New England's Counsel?

Verizon New England is represented by Stanley Weiner and Michael M. Michetti at the law firm Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114, Telephone: (216) 586-3939.

**16. How Much Will Be Paid For Attorneys' Fees And Expenses?**

Class Counsel plans to request that the Court award them attorneys' fees which will not exceed one-third (33%) of the Settlement amount, or $ 292,875. They will also seek reimbursement of their out-of-pocket expenses in the case not to exceed $40,000, and $18,000 for the Settlement Administrator. Those requests will be subject to review and approval by the Court. Verizon New England has agreed not to oppose Class Counsel's requests. Any amounts approved by the Court will constitute full payment for all legal fees and costs incurred by Class Counsel in the action, including any work they do in the future in connection with the Settlement.

**17. Will The Named Plaintiffs Get Any Additional Money?**

Under the Settlement, and subject to the Court's approval, in addition to their shares of the settlement fund, calculated in the manner described in Section 4, Plaintiffs Cotter and Macey would receive from the settlement fund a total of $15,000 as an enhancement award for their role as class representatives in this case and in consideration for their providing Verizon New England with a full general release of any and all legal claims. As with the attorneys' fees and expenses, these amounts will be paid prior to the calculation and distribution of Settlement payments to the class members, and are subject to the Court's approval.

**18. When Will The Court Review The Settlement?**

The Court will hold a Final Settlement Approval Hearing on _____, 2012 at _____ AM/PM, to decide whether to approve the Settlement. At that time the Court will consider any objections to the Settlement, and Class Counsel's request for an award of attorneys' fees, expenses and incentive payments for the Representative Plaintiffs. The hearing will take place in Courtroom ____ of the United States District Court for the District of Massachusetts, Worcester Division, 595 Main Street, Worcester, Massachusetts 01608. You may attend the hearing if you wish to do so, but your attendance is not necessary or required.

PLEASE DO NOT CONTACT THE COURT, VERIZON NEW ENGLAND OR VERIZON NEW ENGLAND'S ATTORNEYS WITH QUESTIONS REGARDING THIS MATTER. QUESTIONS MAY BE DIRECTED TO CLASS COUNSEL OR TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESSES SET FORTH IN SECTIONS 8 AND 14 ABOVE.

# Exhibit B

**<u>RELEASE</u>**

By signing this check, I hereby release Verizon New England Inc, its parents, subsidiaries, and affiliated companies, and all of their past or present employees, directors, shareholders, or representatives, from any and all claims that were or could have been asserted in the *Cotter v. Verizon New England Inc.* lawsuit, against any of them, including but not limited to claims under the Fair Labor Standards Act and Massachusetts state law.

Signed Under Penalty of Perjury: _____     Date: _____

# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Diane Marie Cotter and<br>John Robert Macey III, individually<br>and on behalf of all other persons<br>similarly situated, | **Case No. 4:11-cv-40027 (FDS)** |
| Plaintiffs, | |
| v. | |
| VERIZON NEW ENGLAND INC. | |
| Defendant. | |

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement came on for

hearing before this Court on _____, 2012. Having considered the papers

submitted in support of the motion, and having heard oral argument from the parties, and the

Defendant having stated its non-opposition and consent to the motion, pursuant to Fed. R. Civ. P.

23 the Court HEREBY ORDERS THE FOLLOWING:

1.      For settlement purposes only, the Court conditionally certifies a Settlement Class defined

as:

> All current or former hourly employees of Verizon New England, Inc.
> ("Verizon New England") who between February 2, 2008 through ____
> [*the date the Court grants Preliminary Approval of this Settlement*] were
> employed by Verizon New England as Service Representatives whose
> primary job duty was to handle incoming customer sales and/or billing
> calls, and who were employed at (1) Verizon New England Consumer
> Sales and Service Centers located at 20 Shattuck Road, Andover, MA, or
> 385 Myles Standish Blvd., Taunton, MA, or 220 Brooks Street, Worcester,
> MA, or 251 Locke Drive, Marlboro, MA, or 295 Worthington Street,
> Springfield, MA; or (2) Verizon New England Business Sales and Billing
> Centers located at 220 Brooks Street, Worcester, MA or 800 Chelmsford
> Street, Lowell, MA.

2.      The Court appoints Diane Marie Cotter and John Robert Macey, III as

representatives of the Class.

3.      The Court grants preliminary approval of the Settlement on the terms set forth in the Settlement Agreement and Release ("Settlement Agreement") filed by the parties on _____, 2012.   The Settlement appears to the Court on its face to be fair, adequate, and reasonable.

4.      The Court approves, as to form and content, the Settlement Notice which is attached hereto as Exhibit A.  The Court finds that the dates selected for the mailing and distribution of the Settlement Notice set forth in paragraph 5 below meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5.      The Court orders the following schedule for the implementation of the Settlement:

    a.    Defendant shall pay the Settlement Fund, in the amount of $887,500.00, to the Settlement Administrator within 45 business days after the entry of this Order.

    b.    The Settlement Administrator shall mail the Settlement Notice to all Settlement Class Members within 14 days after entry of this Order.

    c.    The Settlement Administrator shall make a follow-up mailing of the Notice to each Settlement Class Member whose initial Notice was returned to the Settlement Administrator by the Postal Service.  Such mailing shall be done within 7 days after the Settlement Administrator receives notice of such returned mail.

    d.    Any objection to the settlement made by any Settlement Class Member shall be filed with the Court and served on the Settlement Administrator and counsel for the parties within 45 days following the initial mailing of the Settlement Notice by the Settlement Administrator.

    e.    Any Settlement Class Member wishing to opt-out of the Settlement shall mail his or her written request to do so to Plaintiffs' Counsel postmarked on or before the date 45 days following the Settlement Administrator's initial mailing of the Notice.  Opt-out requests submitted after that date will be accepted only upon a showing of good cause for the delay.

    f.    The Final Settlement Approval Hearing shall be held on _____ on _____, 2012.

2

g.  The Court confirms the law firm Shapiro Haber & Urmy LLP as Class Counsel.

h.  The Court confirms Simpluris, Inc., having its offices in Costa Mesa, California, as the Settlement Administrator.

IT IS SO ORDERED, THIS ____ DAY OF _____, 2012.


_____
F. Dennis Saylor, IV
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Diane Marie Cotter and
John Robert Macey, III,
Individually and on Behalf of All Other )
Persons Similarly Situated            )            C.A. No. 4:11-cv-40027
                                      )
            *Plaintiffs,*             )
                                      )
                                      )
v.                                    )
                                      )
                                      )
Verizon New England Inc.              )
                                      )
            *Defendant.*              )
_____  )

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED CLASS ACTION SETTLEMENT

**Please Read This Notice Carefully, As It Describes Your Right To Participate In A Class Action Settlement.**

**TO:**   All current or former hourly employees of Verizon New England, Inc. ("Verizon New England") who between February 2, 2008 through _____ were employed by Verizon New England as Service Representatives whose primary job duty was to handle incoming customer sales and/or billing calls, and who were employed at (1) Verizon New England Consumer Sales and Service Centers located at 20 Shattuck Road, Andover, MA, or 385 Myles Standish Blvd., Taunton, MA, or 220 Brooks Street, Worcester, MA, or 251 Locke Drive, Marlboro, MA, or 295 Worthington Street, Springfield, MA; or (2) Verizon New England Business Sales and Billing Centers located at 220 Brooks Street, Worcester, MA or 800 Chelmsford Street, Lowell, MA.

- BASED ON INFORMATION PROVIDED BY VERIZON NEW ENGLAND, YOU ARE A PERSON WHO IS ENTITLED TO RECEIVE BENEFITS AS THE RESULT OF THE SETTLEMENT OF THE ABOVE-CAPTIONED CASE.

- **IF THE COURT GRANTS FINAL APPROVAL TO THE SETTLEMENT AND YOU DO NOT OPT-OUT OF THE SETTLEMENT IN THE MANNER DESCRIBED IN THIS NOTICE, YOU WILL RECEIVE A SETTLEMENT PAYMENT CURRENTLY ESTIMATED TO BE $_____.**

- YOU MAY OPT-OUT OF THIS LAWSUIT AND THE SETTLEMENT IF YOU CHOOSE TO DO SO.

1

- UNLESS YOU OPT-OUT OF THE SETTLEMENT, YOU WILL RELEASE ALL CLAIMS, KNOWN OR UNKNOWN, YOU MAY HAVE AGAINST VERIZON NEW ENGLAND UNDER MASSACHUSETTS AND FEDERAL WAGE AND HOUR LAWS.

- THIS NOTICE ONLY SUMMARIZES THE SETTLEMENT.   FOR MORE INFORMATION OR TO OBTAIN A COPY OF THE SETTLEMENT AGREEMENT, CALL THE SETTLEMENT ADMINISTRATOR IDENTIFIED BELOW AT _____.

## 1.  Why Did I Get This Notice?

The Court has approved this notice to tell you about a settlement in the class action lawsuit entitled *Cotter et al. v. Verizon New England, Inc.*, United States District Court for the District of Massachusetts, C.A. No. 4:11-cv-40027 (FDS).  The purpose of this Notice is to inform you of the pending settlement and your rights under it.  You have received this Notice because Verizon New England's records suggest that you are a person who between February 2, 2008 and _____ (the "Class Period") was employed by Verizon New England as a Service Representative whose primary job duty was to handle incoming sales and/or billing calls and who was employed at (1) a Verizon New England Consumer Sales and Service Center ("CSSC") located at 20 Shattuck Road, Andover, MA; 385 Myles Standish Blvd., Taunton, MA; 220 Brooks Street, Worcester, MA; 251 Locke Drive, Marlboro, MA; or 295 Worthington Street, Springfield, MA or (2) a Verizon New England Business Sales and Billing Center ("BSBC") located at 220 Brooks Street, Worcester, MA or 800 Chelmsford Street, Lowell, MA (collectively the "Covered Call Centers").  If so, you are an Eligible Class Member who will be entitled to receive money under the settlement if it is approved by the Court.

## 2.  What Is This Lawsuit About?

The Plaintiffs, Diane Marie Cotter and John Robert Macey, III, are former Verizon New England Service Representatives who worked in a Covered Call Center in Massachusetts. On February 2, 2011, they filed a class action lawsuit against Verizon New England that alleged that they and other Verizon New England Service Representatives whose primary job duty was to handle incoming sales and/or billing calls in the Covered Call Centers were not paid for all their hours worked.  Verizon New England has denied and continues to deny all wrongdoing, but it has agreed with Plaintiffs that a settlement is appropriate because of the expense of continuing the litigation.  Verizon New England does not oppose this settlement and it will not retaliate against any person who receives his or her share of the settlement.

On _____, 2012, a hearing was held before the Honorable F. Dennis Saylor, the judge assigned to this case.  At that time, Judge Saylor gave preliminary approval to the settlement, and directed that you receive this Notice.  As more fully described in Section 18, below.  Judge Saylor will hold a Final Settlement Approval Hearing in Worcester on _____.

2

**3. Who Does The Settlement Cover?**

This Settlement is offered to all persons who were employed by Verizon New England as Service Representatives whose primary job duty was to handle incoming sales and/or billing calls at a Covered Call Center in Massachusetts (the locations identified in Section 1, above) during the Class Period. You were sent this Notice because Verizon New England's records indicate that you fall within that description.

**4. What Will I Get Under The Settlement?**

**Your settlement payment is currently estimated to be $_____, depending on the amount of legal fees and other expenses that are approved by the Court.** Your settlement share will be based on the number of workweeks you were employed by Verizon New England in a covered position at a Covered Call Center during the Class Period. Verizon New England's records reflect that you worked ____ workweeks in a covered position at a Covered Call Center during the relevant Class Period. Time worked for Verizon New England during other time periods, or in other jobs, or at other locations, does not count toward calculating the amount of your settlement payment.

The currently estimated amount payable per class member workweek was arrived at by taking the total Settlement amount ($887,500), and deducting from that amount estimated payments for: (1) settlement administration expenses, presently estimated at $18,000; (2) enhancement payments totaling $15,000 to Plaintiffs Cotter and Macey; (3) reimbursement of Plaintiffs' counsel's out of pocket litigation expenses not to exceed $40,000; and (4) Plaintiffs' counsel's legal fees of $292,895, which is 33% of the settlement. Those estimated payments, totaling $365,895, are based on the amounts Plaintiffs currently expect to request from the Court, and are all subject to approval of the Court.

After deducting whatever amounts the Court may approve, the claims of Class Members who do not validly opt out will be paid out of the balance of the settlement fund. Your share of the fund will be determined by dividing the total number of weeks you worked for Verizon New England in a covered position during the Class Period by the total number of weeks worked by all eligible Class Members in covered positions during that period. The resulting percentage will be your share of the settlement, provided that you do not validly opt-out. The total remaining settlement fund will be multiplied by that percentage to determine the amount of your share of the settlement, provided you do not validly opt-out. Your share could be larger than the amount set forth above if the Court sets lower attorneys' fees, litigation costs, administrative expenses, or enhancement payments. Funds allocated to individuals who opt-out, as well as funds allocated to individuals who do not timely cash their settlement checks, will first be used to offset any employment tax liability of Verizon New England based on amounts paid in the settlement, with the remainder (if any) donated to charity.

3

5.   **Will My Settlement Payment Be Taxed?**

All of the money you receive from the Settlement will be subject to federal and state income tax.  Fifty percent (50%) of the payment made to you will be subject to required wage withholdings and deductions, and as a result, the amount you actually receive will be less than the estimated amount listed above.  The remaining fifty percent (50%) will be deemed a non-wage payment that is also taxable but does not require withholding.  IRS Forms W-2, reflecting the wage payment, and 1099, reflecting the non-wage payment, will be distributed by the Settlement Administrator to the IRS and participating Class Members, reflecting the payments they receive under the settlement.  You should consult with your tax advisor about the tax consequences of the payments you may receive under the Settlement.

6.   **What If I Think I Worked More Relevant Workweeks Than Verizon New England's Records Reflect?**

Verizon New England's records show that you worked _____ workweeks in a covered position at a Covered Call Center during the Class Period.  If you believe that number is inaccurate, please contact the Settlement Administrator immediately and provide them with any documentation that supports your view that you actually worked more (or less) qualifying workweeks than Verizon New England's records reflect.  Under the terms of the Settlement, Verizon New England's records will control in the absence of contrary documentary evidence.  Counsel for the parties and the Settlement Administrator will attempt to resolve any disputes and, if they are unable to do so, the Court will make a final determination as to the proper number of workweeks.

7.   **What Are My Options?**

You have the following options under the Settlement:

(i)      You may do nothing, in which case you will receive a Settlement payment once the Settlement becomes final, and you will be bound by the Settlement's terms. If the Court grants final approval of the Settlement, checks will be mailed to Settlement Class Members and be valid for 60 days from mailing;

(ii)      You may opt-out of the Settlement by sending a written request to do so to the Settlement Administrator in the manner described in Section 9, below, in which case you will not be bound by the Settlement; or

(iii)      You may object to the Settlement by submitting your written objections to the Settlement Administrator in the manner described in Section 11, below. If you object to the Settlement, you will remain in the class unless you have also opted-out.

4

**8.  How Can I Contact The Settlement Administrator?**

The Settlement Administrator approved by the Court is Simpluris, Inc. of Costa Mesa, California.  If you wish to contact the Settlement Administrator, you may do so by telephone _____, email _____ or through the U.S. Postal Service at 3176 Pullman Street # 123, Costa Mesa, CA 92626.

**9.  How Do I Opt-Out Of The Lawsuit And Settlement?**

If you do not want to receive a Settlement payment and want to maintain the right to pursue your own claims against Verizon New England, then you must submit a written request to opt-out of the Settlement.  Your written request to opt-out must include your full name, address, signature and a statement that you wish to opt-out of the lawsuit in *Cotter et al. v. Verizon New England, Inc.*, C.A. No. 4:11-cv-40027 (FDS).  **The request should be postmarked no later than _____, 2012 and mailed to the Settlement Administrator, through the U.S. Postal Service, at the address listed in Section 8, above.**

**10. What If Many Class Members Opt-Out Of The Lawsuit And Settlement?**

If more than ten percent (10%) of the Eligible Class Members request exclusion from the settlement, then Verizon New England may cancel the Settlement Agreement.  Verizon New England must exercise this right by notifying Class Counsel in writing no later than fifteen (15) business days after the Settlement Administrator first notifies Verizon New England's attorneys of the total number of opt-outs.

**11. How Do I Object To The Settlement?**

If you object to any aspect of the Settlement, you can submit a written objection for the Court to consider at the Final Settlement Approval Hearing, which is scheduled to be held on _____, 2012.  **Your objection must be in writing and include your full name, address, telephone number, signature, a statement that you object to the Settlement in *Cotter et al. v. Verizon New England, Inc.*, C.A. No. 4:11-cv-40027 (FDS), and the reason(s) for your objection.  If you or your lawyer intends to appear at the Final Settlement Approval Hearing to argue your objection, you must say so in your written objection.**

**Any objections must be filed with the Court by no later than _____, 2012,** addressed to the Clerk of the Court, 595 Main Street, Worcester, Massachusetts 01608.  Copies of the objection must also be mailed to the Settlement Administrator, to Class Counsel, Thomas V. Urmy, Jr., Shapiro Haber & Urmy LLP, 53 State Street, Boston, Massachusetts 02109 and to Verizon New England's counsel, Michael M. Michetti, Jones Day, 901 Lakeside Avenue, Cleveland, Ohio 44114.

**12. How Do I Correct My Name Or Address?**

It is your obligation to keep the Settlement Administrator informed about your current address and contact information.  Therefore, if you move after receiving this Notice, or if

5

it was misaddressed, or if for any reason you want your payment or future correspondence concerning this action and the Settlement to be sent to a different address, you should so advise the Settlement Administrator at _____.

## 13. What Am I Giving Up If I Do Not Opt-Out Of The Settlement?

If you do not opt-out of the Settlement and the Settlement is approved by the Court at the Final Settlement Approval Hearing, you will receive your share of the settlement fund, and you will be bound by the judgment in the case and be precluded from bringing similar claims against Verizon New England or any of its parent and/or affiliated companies in the future. Specifically, under the judgment, and as set forth in greater detail in the Settlement Agreement, you will be precluded from bringing any claims against Verizon New England under the Massachusetts and federal wage and hour laws which were raised or could have been asserted in the case, including, without limitation, claims seeking unpaid wages or overtime wages during the Class Period.

If you opt-out of the Settlement, you will not receive any money and will not be deemed to have released or waived any such claims.

## 14. Who Are Class Counsel?

The Court has appointed Plaintiffs' lawyers as Class Counsel to represent the Eligible Class Members who participate in the Settlement. Class Counsel are:

Thomas V. Urmy, Jr.
turmy@shulaw.com

Rachel M. Brown
rbrown@shulaw.com

Shapiro Haber & Urmy LLP
53 State Street,
Boston, MA 02109
(617) 439-3939; (800) 287-8119

Unless you opt-out of the Settlement, you will be represented by Class Counsel in connection with the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. Who Are Verizon New England's Counsel?

Verizon New England is represented by Stanley Weiner and Michael M. Michetti at the law firm Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114, Telephone: (216) 586-3939.

## 16. How Much Will Be Paid For Attorneys' Fees And Expenses?

Class Counsel plans to request that the Court award them attorneys' fees which will not exceed one-third (33%) of the Settlement amount, or $ 292,875. They will also seek reimbursement of their out-of-pocket expenses in the case not to exceed $40,000, and $18,000 for the Settlement Administrator. Those requests will be subject to review and approval by the Court. Verizon New England has agreed not to oppose Class Counsel's requests. Any amounts approved by the Court will constitute full payment for all legal fees and costs incurred by Class Counsel in the action, including any work they do in the future in connection with the Settlement.

## 17. Will The Named Plaintiffs Get Any Additional Money?

Under the Settlement, and subject to the Court's approval, in addition to their shares of the settlement fund, calculated in the manner described in Section 4, Plaintiffs Cotter and Macey would receive from the settlement fund a total of $15,000 as an enhancement award for their role as class representatives in this case and in consideration for their providing Verizon New England with a full general release of any and all legal claims. As with the attorneys' fees and expenses, these amounts will be paid prior to the calculation and distribution of Settlement payments to the class members, and are subject to the Court's approval.

## 18. When Will The Court Review The Settlement?

The Court will hold a Final Settlement Approval Hearing on _____, 2012 at _____ AM/PM, to decide whether to approve the Settlement. At that time the Court will consider any objections to the Settlement, and Class Counsel's request for an award of attorneys' fees, expenses and incentive payments for the Representative Plaintiffs. The hearing will take place in Courtroom _____ of the United States District Court for the District of Massachusetts, Worcester Division, 595 Main Street, Worcester, Massachusetts 01608. You may attend the hearing if you wish to do so, but your attendance is not necessary or required.

PLEASE DO NOT CONTACT THE COURT, VERIZON NEW ENGLAND OR VERIZON NEW ENGLAND'S ATTORNEYS WITH QUESTIONS REGARDING THIS MATTER. QUESTIONS MAY BE DIRECTED TO CLASS COUNSEL OR TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESSES SET FORTH IN SECTIONS 8 AND 14 ABOVE.